Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| NÉLIDA PIETRI AGRONT<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN<br><br>Recurrida | KLRA202300508 | Revisión Administrativa procedente de la Oficina de Apelaciones del Departamento de Educación<br><br>Caso Núm.:<br>2017-07-0041<br><br>Sobre:<br>Clasificación de Puesto |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de diciembre de 2023.

La doctrina de cosa juzgada impide que, una vez emitida una sentencia final en un pleito, las mismas partes litiguen posteriormente las mismas causas de acción ya litigadas y adjudicadas, así como aquellas que pudieron haberse litigado. *Fonseca v. Hosp. HIMA*, 184 DPR 281 (2012); *Mun. de San Juan v. Bosque Real S.E.*, 158 DPR 743 (2003). Para que tal doctrina surta efecto, se requiere que concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron. *Beníquez et al. v. Vargas et al.,* 184 DPR 210 (2012). Dicha doctrina cumple el propósito de impartir finalidad a los dictámenes judiciales -*Casco Sales v. Mun. de Barranquitas*, 172 DPR 825 (2007)- y resulta aplicable igualmente para las agencias administrativas. *Id*.; *Pagán Hernández v. UPR*, 107 DPR 720 (1978).

En este caso, comparece la recurrente de epígrafe para retar la *Resolución y Orden* emitida por la Oficina de Apelaciones del Sistema de Educación (OASE), mediante la cual desestimó su apelación administrativa por ausencia de jurisdicción, en función de considerar su petición como cosa juzgada. De acuerdo con la teoría subyacente a la adjudicación de dicha determinación administrativa, el caso actual bajo consideración de la agencia, núm. 201-0-0041, reproducía en identidad de cosas, causas y personas a un caso anterior, núm. 2011-03-3317, por lo que aplicaba la doctrina de cosa juzgada y sustraía la jurisdicción de la OASE.

Sin embargo, a poco que se considere la Resolución y Orden Final del caso núm. 2011-03-3317, se advierte que trata de una decisión de cierre y archivo emitida a causa de un desistimiento voluntario, propuesto por la recurrente sin perjuicio y acogido en esos mismos términos por la determinación administrativa, pues no hizo variación de tal condición para declarar su adjudicación con perjuicio. En tal sentido, huelga decir que dicha Resolución y Orden Final no puede fungir como la decisión base que habilite un planteamiento eventual de cosa juzgada. Es decir, si bien el Reglamento Procesal disponía como norma general el desistimiento con perjuicio, en la medida en que la solicitud de desistir sin perjuicio del caso núm. 2011-03-3317 fue acogida tal cual y sin rectificar la súplica para convertirla, fijarla y determinarla en una adjudicación con perjuicio, el caso posterior núm. 201-0-0041 no estaba sujeto a la aplicación de la doctrina de cosa juzgada, sino estaba entonces y permanece aún en posición de ser atendido por la OASE con plena jurisdicción. En consecuencia, se revoca la determinación

administrativa objeto del presente recurso y se devuelve el caso a la recurrida para la continuación de los procesos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones